UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

YOSEF HECHT,

                              Plaintiff,

       v.

JGA WEST LLC AND R&N ASSETS LLC,

                            Defendants.

-----------------------------------------------------------------x

1:24-CV-6832

COMPLAINT

JURY TRIAL
REQUESTED

## **COMPLAINT**

Plaintiff Yosef Hecht ("Plaintiff"), by counsel, Hanski Partners LLC, as and for the Complaint in this action against Defendants JGA West LLC and R&N Assets LLC (together referred to as "Defendants"), hereby alleges as follows:

## **NATURE OF THE CLAIMS**

1.     Plaintiff is an individual with a disability who uses a wheelchair to ambulate.

2.     Defendants are the owners and operators of retail real estate which they lease to places of public accommodation.

3.     Plaintiff brings this lawsuit due to Defendants' ongoing disability discrimination against him with respect to the places of public accommodation in their commercial facilities in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code").

4.      Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorneys' fees, costs, and expenses to redress Defendants' unlawful disability discrimination in violation of the ADA, NYSHRL, and NYCHRL (collectively, the "Human Rights Laws").

5.      Defendants are directly liable for their unlawful disability discrimination in violation of the Human Rights Laws, and vicariously liable for the acts and omissions of their employees and agents in violation of the Human Rights Laws.

6.      Defendants chose to violate their obligation under the Human Rights Laws to provide a place of public accommodation accessible to persons with disabilities.

7.      By their actions, Defendants violate the rights of Plaintiff and other individuals with disabilities under the Human Rights Laws to equal access with respect to places of public accommodation.

8.      Defendants must be enjoined to make the places of public accommodation in their retail real property accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to patrons without disabilities.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and

Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

11.    At all times relevant to this action, Plaintiff has been a resident of the State and City of New York.

12.    Plaintiff remains a resident of the State and City of New York.

13.    Plaintiff suffers from a physical impairment that impairs his ability to walk and which restricts his range of motion and movement.

14.    Due to his physical impairment, Plaintiff requires a wheelchair for mobility.

15.    At all times relevant to this action, Plaintiff has used a wheelchair for mobility.

16.    Plaintiff continues to require a wheelchair for mobility.

17.    The land, building and other improvements on the land with the assigned address of 496 La Guardia Place in New York County, New York ("496 La Guardia Place") is a condominium with each unit owned fee simple absolute.

18.    Defendants JGA West LLC and R&N Assets LLC are licensed to conduct business in New York State, and conduct business in New York State.

19.    Defendants JGA West LLC and R&N Assets LLC own the commercial units in the 496 La Guardia Place building.

20.    Defendants JGA West LLC and R&N Assets LLC lease and operate the 496 La Guardia Place commercial units as retail premises (hereinafter referred to as the "Retail Premises").

21.     The Retail Premises are leased and occupied by two places of public accommodation – a convenince store doing business as "NYC Finest Deli"; and a burger and steakhouse restaurant doing business as "Mocha Burger"

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22.     Both of the Defendants are public accommodations as they own, lease to or operate places of public accommodation, the Retail Premises, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

23.     The Retail Premises are places of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104) as they are facilities operated by private entities and their operations affect commerce, and within the meaning of the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102).

24.     Multiple architectural barriers exist at the Retail Premises that prevent and restrict access to Plaintiff due to his disability.

25.     The architectural barriers at the Retail Premises include, but are not limited to, architectural barriers that deny Plaintiff, and other individuals that require wheelchairs, the opportunity to enter the Retail Premises.

26.     Upon information and belief, at some time after January 1992, alterations were made to 496 La Guardia Place, including areas adjacent and/or attached to 496 La Guardia Place.

27.    Upon information and belief, at some time after January 1992, alterations were made to the Retail Premises, and to areas of 496 La Guardia Place related to the use and occupancy of the Retail Premises.

28.    The Retail Premises are not designed, constructed, or altered so that they are readily accessible to, or usable by, Plaintiff as a mobility impaired wheelchair user, and other individuals with disabilities.

29.    The services, features, elements and spaces of the Retail Premises are not readily accessible to, or usable by, Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

30.    The services, features, elements and spaces of the Retail Premises are not readily accessible to, or usable by, Plaintiff as required by the accessibility provisions of the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), inclusive of the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"); the 2008 New York City Building Code ("2008 BC"), inclusive of the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std"); the 2014 New York City Building Code ("2014 BC"), inclusive of the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std"); and the 2022 New York City Building Code ("2022 BC"), inclusive of the 2022 BC Reference Standard ICC/ANSI 117.1 2009 ("2022 Ref Std").

31.    Because Defendants fail to comply with the 1991 Standards, the 2010 Standards, and the above-mentioned accessibility provisions of the Administrative Code,

Plaintiff has been, and is presently unable to, enjoy safe, equal, and complete access to all of the areas of the Retail Premises that are open and available to the public.

32.      Defendants violate the Human Rights Laws by failing to comply with the 1991 Standards, the 2010 Standards, and the accessibility provisions of the Administrative Code referenced above.

33.      Plaintiff desired to access the Retail Premises in late 2023 and in July 2024 but was denied access as Defendants maintain steps (an architectural barrier which Plaintiff cannot traverse in his wheelchair) at the entrances to the Retail Premises.

34.      Plaintiff desired to enter the Retail Premises to access the offerings of Mocha Burger and NYC Finest Deli, the places of public accommodation located within the Retail Premises.

35.      Plaintiff's desire to enter the Retail Premises to access the offerings of Mocha Burger and NYC Finest Deli continues.

36.      However, Plaintiff is deterred from going to Mocha Burger and NYC Finest Deli as there are still steps at the Retail Premises.

37.      Plaintiff is in the downtown Manhattan area where 496 La Guardia Place is located six or more times a year.

38.      Plaintiff is in the area because his extended family lives in downtown Manhattan.

39.      When Plaintiff is in Manhattan, generally, and when visiting his family, he enjoys going to stores and restaurants that do not have barriers to wheelchair access.

40.      Plaintiff appreciates the multitude of conveniences available for purchase at New York City's Bodegas and convenience stores; such as sodas and snacks.

41.    In early 2023 Plaintiff was on the La Guardia Place sidewalk adjoining NYC Finest Deli.

42.    As NYC Finest Deli was conveniently located next to Plaintiff's location he desired to avail himself of the convenience to purchase a soda.

43.    However, Plaintiff was denied entry to NYC Finest Deli as there is a step at the exterior side of the public entrance.

44.    Plaintiff enjoys food and dining out. Burgers are one of the foods he enjoys.

45.    In early 2023, Plaintiff wanted to dine at Mocha Burger as it serves many different variations of the typical burger.

46.    However, Plaintiff was deterred from eating at Mocha Burger because of the step at the exterior of the public entrance.

47.    In July of 2024 Plaintiff was in Manhattan and desired to dine at Mocha Burger.

48.    However, Plaintiff was deterred from eating at Mocha Burger because of the step at the exterior of the public entrance.

49.    As NYC Finest Deli is located near Mocha Burger, Plaintiff also desired to avail himself of the convenience to grab a drink at NYC Finest Deli.

50.    However, Plaintiff was deterred from entering NYC Finest Deli because of the step at the exterior of the public entrance.

51.    Barriers to access Plaintiff encountered, and which deter Plaintiff from patronizing the Retail Premises include, but are not limited to, the following:

**NYC Finest Deli**

I.  An accessible route is not provided from the public street and sidewalk to the public entrance of the place of public accommodation located within the Retail Premises doing business as NYC Finest Deli (the "Deli premises").
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II.  The public entrance to the Deli premises is not accessible.
*Defendants fail to provide that at least 50% of all its public entrances are accessible.  See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible.  See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

III.  The exterior side of the public entrance door to the Deli premises lacks level maneuvering clearances at the pull side of the door due to steps.
*Defendants fail to provide an accessible door with level maneuvering clearances.  See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

IV.  Maneuvering clearances for opening the entrance door to the Deli premises is not provided due to steps.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

V.  There are steps at the exterior side of the entrance door to the Deli premises which has a change in level greater than ½ inch high.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

VI.    The Deli premises has stairs lacking handrails.
*Defendants fail to provide handrails on both sides of the stairs.  See 1991 ADA § 4.9.4; 2010 ADA § 505.2; 1968 Ref Std § 4.9.4; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

VII.    The entrance to the Deli premises, which is also an exit, is not accessible as detailed above.
*Defendants fail to provide accessible means of egress in the number required by the code.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

**Mocha Burger**

VIII.    An accessible route is not provided from the public street and sidewalk to the public entrance of the place of public accommodation located within the Retail Premises doing business as Mocha Burger (the "Restaurant premises").
*Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

IX.    The public entrance to the Restaurant premises is not accessible.
*Defendants fail to provide that at least 50% of all its public entrances are accessible.  See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible.  See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

X.    The exterior side of the public entrance door to the Restaurant premises lacks level maneuvering clearances at the pull side of the door due to steps.
*Defendants fail to provide an accessible door with level maneuvering clearances.  See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref. Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

XI.    Maneuvering clearances for opening the entrance door to the Restaurant premises is not provided due to steps.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular*

*to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

XII.    There are steps at the exterior side of the entrance door to the Restaurant premises which has a change in level greater than ½ inch high.
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

XIII.   The Restaurant premises has stairs lacking handrails.
*Defendants fail to provide handrails on both sides of the stairs.  See 1991 ADA § 4.9.4; 2010 ADA § 505.2; 1968 Ref Std § 4.9.4; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

XIV.    The entrance to the Restaurant premises, which is also an exit, is not accessible as detailed above.
*Defendants fail to provide accessible means of egress in the number required by the code.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

52.    Plaintiff either personally encountered or has knowledge of such barriers to access.

53.    Upon information and belief, a full inspection of the Retail Premises will reveal the existence of other barriers to access.

54.    As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Retail Premises to catalogue and cure all of the areas of non-compliance with the ADA.  Plaintiff hereby gives notice that he intends to amend this Complaint to include any violations discovered during an inspection that are not contained herein.

55.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

56.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

57.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Retail Premises continue to exist and deter Plaintiff.

58.     Plaintiff frequently travels to the area where the Retail Premises is located.

59.     Plaintiff intends to patronize the Retail Premises one or more times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

60.     Plaintiff is also an independent "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Retail Premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

61.     Plaintiff also intends to utilize his visits to the Retail Premises to monitor, ensure, and determine whether the Retail Premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

62.     Plaintiff continues to suffer an injury due to Defendants maintenance of architectural barriers at the Retail Premises.  This is because he desires to access the Retail Premises but Defendants deny him the opportunity to do so based on disability.

63.     Defendants deny Plaintiff the opportunity to access the Retail Premises because in violation of the ADA, the NYSHRL and the NYCHRL Defendants created, maintain, and have failed to remove architectural barriers to wheelchair access at the Retail Premises.

64.     Defendants' unlawfully discriminate against Plaintiff by violating the ADA, the NYSHRL and the NYCHRL.

### FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

65.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

66.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

67.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

68.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

69.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

70.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

71.    Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

72.    The Retail Premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

73.    Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

74.    The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

75.    Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

76.    By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

77.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

78.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

79.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

80.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

81.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

82.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

83.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York

State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

84.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

85.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

86.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

87.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

88.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

89.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

90.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

91.    Plaintiff has suffered and will continue to suffer damages in an amount to
be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

92.    Plaintiff realleges and incorporates by reference all allegations set forth in
this Complaint as if fully set forth herein.

93.    Plaintiff suffers from various medical conditions that separately and
together, impair Plaintiff's bodily systems - in particular, the life activity of both walking
and body motion range -and thus Plaintiff has a disability within the meaning of the
NYCHRL (Administrative Code § 8-102).

94.    The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"),
also known as Local Law 85, clarified the scope of the Administrative Code in relation to
the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish
"parallelism" between the NYCHRL and the Federal and New York State anti-
discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of
> the uniquely broad and remedial purposes thereof, regardless of whether federal
> or New York State civil and human rights laws, including those laws with
> provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis
added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest
extent possible.  See also New York City Local Law 35 of 2016.

95.    Defendants have and continue to subject Plaintiff to disparate treatment
and disparate impact by directly and indirectly refusing, withholding, and denying the
accommodations, advantages, facilities, and privileges of their place of public
accommodation all because of disability in violation of the NYCHRL (Administrative

16

Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

96.    Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

97.    Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

98.    Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

99.    Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

100.    Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

101.    Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on property owners to repave, reconstruct, repair, and maintain the public sidewalks that abut their property.

102.    Due to the obligations imposed upon property owners by Administrative Code §§ 19-152 and 7-210, JGA West LLC and R&N Assets LLC continuously controlled, managed, and operated the public sidewalk abutting 496 La Guardia Place, which includes the portion of the sidewalk constituting the entrance to the Retail Premises.

103.    JGA West LLC and R&N Assets LLC's failure to construct and maintain an accessible entrance from the public sidewalk to the Retail Premises constitutes disability discrimination in a violation of the Administrative Code.

104.    Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible place of public accommodation.

105.    Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

106.    Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

107.    Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular,

Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

108.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

109.    Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

110.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

111.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

112.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

113.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

114.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

115.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

116.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

117.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

118.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

119.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

120.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.   Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.   Issue a permanent injunction ordering Defendants to remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.   Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.   Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

I.  For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: September 10, 2024
       New York, New York

Respectfully submitted,

**HANSKI PARTNERS LLC**

By:____/s_____
        Adam S. Hanski, Esq.
        Attorneys for Plaintiff
        85 Delancey Street
        New York, New York 10002
        Telephone: (212) 248-7400
        Facsimile: (212) 248-5600
        Email: ash@disabilityrightsny.com